UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER ENGLISH | * | CIVIL ACTION NO. 21-400 |
| VERSUS | * | SECTION: "A"(1) |
| SGT. MICHAEL PHILIPS, ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 6)** filed by Defendants, the State of Louisiana through the Louisiana Department of Public Safety and Corrections ("DPSC") and Sgt. Billy Mersereau. The plaintiff, Christopher English, opposes the motion. The motion, submitted for consideration on May 26, 2021, is before the Court on the briefs without oral argument.

Plaintiff, Christopher English, filed this action in the 22nd Judicial District Court, Washington Parish, to recover for damages that he alleges in conjunction with his time of incarceration at the Rayburn Correctional Center ("RCC"), located in Angie, Louisiana. Sgt. Michael Phillips and Sgt. Billy Mersereau, the two individual defendants in this case, are both employees of RCC and/or the DPSC.[1] According to Plaintiff, on July 28, 2020, Phillips and Mersereau allegedly slammed him face first into the concrete floor at least twice. (Rec. Doc. 1-3, Petition ¶¶ 10-11). Additionally, Mersereau is accused of kneeing Plaintiff in the ribs, face, head, and neck. Plaintiff's injuries

---

[1] Phillips was no longer employed with RCC and/or DPSC when the case was removed. (Rec. Doc. 1, Notice of Removal ¶ 6 n.4). The record does not reflect service on this defendant.

1

necessitated a trip to the hospital. (*Id.* ¶ 12). Plaintiff sustained broken ribs, a concussion, and other injuries including migraines and blurred vision. (*Id.* ¶ 13).

The causes of action expressly identified in the Petition are civil rights violations under 42 U.S.C. § 1983, as well as a negligence cause of action under state law, and respondeat superior. Defendants removed the case to federal court.[2]

The Rule 12(b)(6) motion to dismiss that Defendants have filed raises three issues: 1) Mersereau, in his official capacity, is not a "person" for purposes of a claim brought under 42 U.S.C. § 1983; 2) Section 1983 does not recognize a claim for respondeat superior; and 3) the Petition does not state a claim for negligence because all allegations as to negligence pertain to former RCC warden Robert Tanner, who has not been named as a party.

The first two issues correctly reflect the controlling law but they do not compel any relief in conjunction with the instant motion. As Plaintiff points out in his opposition, Mersereau has not been sued in his official capacity; the claims against him are individual capacity claims only. And Plaintiff does not invoke respondeat superior for the § 1983 claim; rather, it applies only to the state law claims.

As for the third issue presented in the motion, the negligence claim in this case is directed solely at DPSC by way of respondeat superior. As the Court appreciates the allegations in this case, Plaintiff believes that Tanner was negligent in failing to properly supervise his employees (Mersereau and Phillips), and that DPSC, as the employer and responsible entity, is vicariously liable for whatever actionable acts/omissions Tanner might have committed. The Court recognizes that Tanner has not been named as a

---

[2] As Plaintiff has pointed out, the State waived any claim of sovereign immunity when it elected to seek a federal forum for this case.

defendant but Plaintiff correctly points out that no law has been cited for the premise that Tanner is a necessary party for purposes of holding his employer liable.[3]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by Defendants, the State of Louisiana through the Louisiana Department of Public Safety and Corrections and Sgt. Billy Mersereau, is **DENIED**.

May 26, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff is not certain whether it was Tanner or the new warden, Edward Dustin Bickham, in charge at the time of the incident. (Rec. Doc. 12, Opposition at 9).